# Scranton *v.* Koehler, Appellant.

*Municipal lien—Scire facias—Invalidity of writ—Estoppel.*

On the trial of a scire facias sur municipal lien where it appears that the writ was served on the defendant who appeared regularly and made no objection to the form of the writ either in his affidavit of defense or otherwise, and it also appeared that the writ could not be found, the defendant has no standing, after both sides had closed, to ask for binding instructions in his favor, because the writ had not been offered in evidence, and because the writ was invalid and unknown to the law.

Argued March 5, 1908. Appeal, No. 24, Jan. T., 1908, by defendant, from judgment of C. P. Lackawanna Co., May T., 1903, No. 723, on verdict for plaintiff in case of City of Scranton *v.* Robert P. Koehler. Before Rice, P. J., Porter, Henderson, Orlady, Head and Beaver, JJ. Affirmed.

Scire facias sur municipal lien.

At the trial the court gave binding instructions for plaintiff. Verdict for plaintiff for $239.32.

On a rule for judgment for defendant non obstante veredicto, Edwards, P. J., filed the following opinion:

Defendant offered no evidence in this case. When the plaintiff rested, defendant's counsel moved for binding instructions in favor of the defendant, for the reason that no scire facias had been offered in evidence and for the further reason that the scire facias in this case "was the same as in the cases already decided by the Superior Court, issued under the act of 1901 instead of under the act of 1891," it being "a writ unknown to the law and contained no summons to the defendant, was not directed to the sheriff, had no return day mentioned therein and was not a valid sci. fa."

Counsel in his motion evidently refers to the cases of Scranton City *v.* Stokes, 28 Pa. Superior Ct. 434, and Scranton City *v.* Stokes (No. 2), 28 Pa. Superior Ct. 437. In a case handed down this day, City of Scranton *v.* Higgins, we have

entered judgment for the defendant in accordance with the decisions of the Superior Court in the cases mentioned and because the record in Higgins case disclosed clearly that the scire facias in that case was issued under the provisions of the act of 1901, and consequently under the decisions aforesaid, was a void writ. In the record now before us there is nothing to indicate the nature or form of the scire facias that was issued. We cannot assume that it was the kind provided by the act of 1901. If we have the right to assume anything on this point it would be that the scire facias was legal and was legally issued. The record does not justify the instruction asked for by the defendant's counsel.

The best way to settle the question is to ascertain what was done at the trial. The first witness sworn for the city was the assistant city clerk. Through him was proven the ordinance authorizing the paving of Mulberry street and also the letting of the contract. The next witness was the assistant city engineer. He proved that the work of paving was completed on November 11, 1897. The importance of this fact relates to the time the lien was filed, viz.: May 10, 1898, which is within the six months' period. In this connection we notice from the record that the lien was amended so that it should appear that the work was completed on November 11, 1897, and that the final assessment was made the same date. A copy of the lien was admitted in evidence without objection, the lien itself having been lost.

We come now to the scire facias. This was lost, and no copy was offered in evidence. The notes of the testimony on this point are as follows:

Mr. Davis: The lien in this case is missing from the files, as well as the sci. fa. I had expected Mr. Williams here this morning to make an affidavit that the lien is not in its proper place, but he is absent from the court.

Mr. Duffy: It will not be necessary.

Mr. Davis: The plaintiff offers in evidence, without objection on the part of the defendant, the copy of the municipal lien heretofore filed in this case.

The remark of defendant's counsel that "it will not be nec-

essary" refers, we should think, only to the fact that it was not necessary to call Mr. Williams. At any rate, the record shows that no scire facias nor copy thereof was offered in evidence, and that is one of the reasons assigned by defendant for the entry of judgment in his favor.

Is it necessary for the plaintiff, in the trial of a scire facias municipal lien, to offer the scire facias in evidence? It is the usual practice to do this, but we can find no authority for the proposition that a failure to do so is fatal to the plaintiff's case. It was decided long ago in Pennsylvania (the Schenly Case, 36 Pa. 29) that a scire facias sur municipal lien is an original and not a judicial writ: but we need not discuss this question here. It is not difficult to determine the place or office of a scire facias sur municipal lien in the practice of our courts. It has a twofold purpose. It is a summons and a declaration. In some states the scire facias performs the office of a summons only, and in these jurisdictions the plaintiff must file a separate declaration; but this is not the case in Pennsylvania. We see no reason why a defendant cannot move to quash the scire facias if it is defective as a summons, or why he cannot demur to it if it is faulty as a declaration. In case of assumpsit it is not deemed necessary to offer the summons or declaration in evidence. We never heard of a motion for binding instructions for the defendant because the summons or declaration was not offered in evidence. They are necessarily a part of the case as much as the scire facias sur municipal lien is a part of the case. Any defect in either the summons, declaration or scire facias, or any material variance between the probata and allegata, can be called to the attention of the court, and any motion pertaining thereto can be made, without offering the papers themselves in evidence. It is no argument against our proposition that a summons in ejectment is always offered in evidence. This is necessary on account of the sheriff's return, which is prima facia proof of defendant's possession. It may be also contended that the scire facias should be offered in evidence in order to establish the fact that it was issued within five years from the date of the lien. It must be remembered that we think it is good practice to offer the scire facias in evidence,

although the failure to do so does not destroy the plaintiff's case. Whatever may be the force of this last contention, it has no place in the case at bar, because the record on this point is as follows:

Mr. Davis: We offer in evidence præcipe as follows: "No. 723, May Term, 1903, Lackawanna County, ss.: In common pleas. City of Scranton v. Robert P. Koehler. To the prothonotary. Issue scire facias sur municipal lien, No. 51, May Term, 1898, returnable sec. leg. Prot.'s office, Lackawanna County, J. Copeland, Prot."

Mr. Duffy: No objection. There is another view to be taken of this case. Whatever might be the correct view as to the necessity of offering the scire facias in evidence, the defendant is not now in position to raise this question. Defendant's affidavit of defense and plea were admitted in evidence without objection. The affidavit of defense sworn to May 23, 1903, is as follows:

"Robert P. Koehler being duly sworn says, I am the defendant in the above entitled case. I have a full and just defense to the whole of plaintiff's case, the nature and character of which ,is as follows: The alleged lien on which the above scire facias was issued was for paving Mulberry street in the City of Scranton. No lien was filed against my property within the time prescribed by law, and no lien existed at the time such scire facias was issued. The lien was not filed within six months from the completion of the work, nor within six months from the filing of the assessment for the costs and expenses of the same. The contract for said paving including both the costs of construction and for repairs for the term of five years, making the whole assessment for such payment illegal and void; all of which I expect to prove on the trial of the above case."

On April 9, 1904, the following plea was filed:

"Enter plea of non assumpsit, payment with leave to introduce special matter; no lien; and for a further special plea the defendant says that there was no lawful assessment against the property described in the scire facias in this case."

It will be noticed that at no time is there any intimation as

to the form of the scire facias.  The burden of the defense all the time is that the lien was not filed in time and that the assessment was unlawful.  We are of the opinion that it is now too late to raise this question as to the form of the scire facias, even if there were anything on the record to justify the raising of such a question.  There is not a word upon the record that throws any light as to the nature of the scire facias issued in this case.

For the reasons stated the rule for judgment non obstante veredicto is discharged, and we direct judgment to be entered upon the verdict in favor of the plaintiff for the sum of $239.32, with interest from November 26, 1906.

*Errors assigned* were in giving binding instructions for plaintiff and in refusing judgment for defendant non obstante veredicto.

*Thomas P. Duffy,* for appellant.

*David J. Davis,* city solicitor, with him *H. R. Van Deusen,* assistant city solicitor,  for appellee.

OPINION BY HENDERSON, J., April 20, 1908:

The appellant's argument is predicated of an alleged invalidity of the writ of scire facias issued on the municipal lien, but there is nothing on the record upon which to base the objection.  When the case was tried the writ could not be found, but the record shows that it was issued and that the defendant appeared and pleaded thereto.  There is no evidence that the writ was in the form prescribed by the Act of June 4, 1901, P. L. 364, and as the lien was filed May 10, 1898, the presumption is that it conformed to the requirements of the law relating to municipal liens filed prior to 1901.  The supplemental affidavit of defense offered at the trial was rejected by the court and is not a part of the record.  It was not the duty of the court at the oral request of the counsel to inspect the writ to determine its illegality, nor was the plaintiff bound to offer the writ in evidence.  Our attention has not been called to any adjudication

which makes the offer of the writ a necessary condition upon which a recovery may be had. The writ was served on the defendant. He appeared regularly, but made no objection to the form of the writ. The objection to the proceeding set up in the affidavit of defense was (a) that the lien was not filed in time; (b) that the contract for the work included both the cost of construction and of repairs for the term of five years, and the plea entered subsequently attacked the lien and not the writ. If there were any evidence of informality in the writ we think the defendant should be deemed to have waived it in view of his conduct. The opinion of the learned trial judge on the rule for judgment non obstante veredicto sufficiently vindicates the action of the court.

The assignments are all overruled and the judgment affirmed.